Louis Pechman, Esq.
Laura Rodríguez, Esq.
Lillian M. Marquez, Esq.
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
rodriguez@pechmanlaw.com
marquez@pechmanlaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANYELA SALAZAR, ANEL HERNANDEZ,  :
ROBERT ENMANUEL EMILIANO, and    :
CAROLINA PICHARDO,               :
                                 :
                    Plaintiffs,  :
                                 :         **COMPLAINT**
        -against-                :
                                 :
203 LENA INC. d/b/a COCINA TALLER, :
DARIO OLEAGA, and PEDRO ABEL,    :
                                 :
                    Defendants.  :
------------------------------------------------------------X

Plaintiffs Anyela Salazar, Anel Hernandez, Robert Enmanuel Emiliano, and Carolina Pichardo (collectively, "plaintiffs"), by their attorneys Pechman Law Group PLLC, complaining of defendants 203 Lena Inc. d/b/a Cocina Taller ("Cocina Taller"), Dario Oleaga, and Pedro Abel (collectively, "defendants"), allege:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New York Labor Law § 190, *et seq.* ("NYLL"). This action is also brought to recover unpaid spread-of-hours pay and statutory damages as a result of defendants' failure to provide

wage statements and annual wage notices pursuant to the NYLL and the Wage Theft Prevention Act.

2. Defendants own and operate Cocina Taller, a restaurant serving Latin American cuisine located at 416 West 203rd Street, New York, New York 10034.

3. Defendants failed to compensate plaintiffs at the statutory minimum wage rate, failed to pay plaintiffs overtime and spread-of-hours pay, and failed to furnish to plaintiffs annual wage notices and weekly wage statements.

4. Plaintiffs seek injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid minimum and overtime wages and unlawful deductions, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

5. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because the events giving rise to this Complaint occurred in Cocina Taller, which is located, and operated by defendants, in the Southern District of New York.

## THE PARTIES

**Plaintiffs**

7. Anyela Salazar ("Salazar") resides in New York, New York.

8. Defendants employed Salazar as a waitress from July 31, 2014 through June 10, 2016.

9. Anel Hernandez ("Hernandez") resides in the Bronx, New York.

2

10. Defendants employed Hernandez as a waiter from approximately July 2015 to present.

11. Robert Enmanuel Emiliano ("Emiliano") resides in New York, New York.

12. Defendants employed Emiliano as a waiter from on or about January 18, 2016 to in or about April 2016.

13. Carolina Pichardo ("Pichardo") resides in New York, New York.

14. Defendants employed Pichardo as a waitress from on or about March 19, 2016 to April 21, 2016.

**Defendants**

15. Defendant 203 Lena Inc. owns, operates, and does business as Cocina Taller.

16. Cocina Taller is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17. Cocina Taller has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. Cocina Taller has an annual gross volume of sales in excess of $500,000.

19. Defendant Dario Oleaga ("Oleaga") is an owner of Cocina Taller.

20. Oleaga exercised sufficient control over Cocina Taller's operations to be considered plaintiffs' employer under the FLSA and NYLL.

21. Oleaga had power over personnel decisions at Cocina Taller, including the power to discipline employees, hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

22. Defendant Pedro Abel ("Abel") is an owner of Cocina Taller.

3

23. Abel exercised sufficient control over Cocina Taller's operations to be considered plaintiffs' employer under the FLSA and NYLL.

24. Abel had power over personnel decisions at Cocina Taller, including the power to discipline employees, hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

## PLAINTIFFS' FACTUAL ALLEGATIONS

**Anyela Salazar**

25. Salazar worked as a waitress at Cocina Taller from July 31, 2014 through June 10, 2016.

26. Salazar regularly worked four times per week, on Wednesday, Friday, Saturday, and Sunday, approximately 41 to 49 hours each week.

27. On Wednesdays, Salazar worked from 4:30 p.m. to approximately 12:00 a.m. the next morning. On Fridays and Saturdays, Salazar worked from 4:30 p.m. to approximately 5:00 a.m. the next morning. On Sundays, Salazar typically worked from 10:30 a.m. to 7:00 p.m., but occasionally worked until closing time at 2:00 a.m. or 3:00 a.m. the next morning.

28. Initially, defendants failed to pay Salazar any wages. When Salazar complained about their failure to pay, defendants paid Salazar at a rate of $20 per workday, regardless of the number of hours she actually worked.

29. At some point in mid-2015, defendants began paying Salazar at a rate of $40 per workday, regardless of the number of hours she actually worked.

30. Throughout Salazar's employment, defendants failed to timely pay her wages. They erratically paid her monthly or every few months. For the longest period during which defendants neglected to pay Salazar—180 days—defendants paid Salazar her wages in a $5,000 lump sum check.

4

31.     Over the course of Salazar's employment, defendants deducted the cost of five customer walk-outs from Salazar's wages.

32.     Defendants did not compensate Salazar at the statutory minimum wage rate required by the FLSA and the NYLL for any of the hours she worked.

33.     Defendants did not provide Salazar with sufficient notice of the tip credit provisions of the FLSA and the NYLL and did not express the intent to apply a tip credit to Salazar's wages.

34.     Defendants were not entitled to reduce the wage paid to Salazar by applying the tip credit allowance available under the FLSA and the NYLL.

35.     Defendants did not compensate Salazar with any overtime wages required by the FLSA and the NYLL for all hours worked in excess of forty per workweek.

36.     Defendants did not pay Salazar one additional hour of pay at the statutory minimum hourly rate for each day that the length of her workday exceeded ten hours.

37.     Defendants did not furnish Salazar with annual wage notices.

38.     Defendants did not furnish Salazar with accurate statements of wages, listing, *inter alia*, hours worked, rates paid, and gross wages.

**Anel Hernandez**

39.     Hernandez worked as a waiter at Cocina Taller from in or about July 2015 through the present.

40.     From the start of his employment to June 24, 2016, Hernandez regularly worked four times per week, on Friday, Saturday, Sunday, and either Wednesday or Thursday.

41.     On June 24, 2016, Hernandez began working only three days per week, on Friday, Saturday, and Sunday.

5

42. Hernandez worked each day from 4:30 p.m. to approximately 3:00 a.m. the next morning, totaling approximately 42 hours per week in a four-day workweek and 31.5 hours in a three-day workweek.

43. Defendants initially agreed to pay Hernandez $7.50 per hour, regardless of the number of hours actually worked.

44. Defendants failed to timely pay Hernandez, erratically paying him weeks or months later.

45. Defendants first paid Hernandez after his third week of work. Defendants subsequently twice withheld payment of Hernandez's wages for ten weeks.

46. After each ten-week period of non-payment, defendants deducted the cost of customer walk-outs from Hernandez's wages and paid Hernandez a lump sum of $1,200 by check.

47. From in or about May 25, 2016 through present, defendants have paid Hernandez by check each week based on an hourly wage of $7.50.

48. These weekly checks did not and do not accurately reflect the hours Hernandez actually worked.

49. Defendants did not compensate Hernandez at the statutory minimum wage rate required by the FLSA and the NYLL for any of the hours he worked.

50. Defendants did not provide Hernandez with sufficient notice of the tip credit provisions of the FLSA and the NYLL and did not express the intent to apply a tip credit to Hernandez's wages.

51. Defendants were not entitled to reduce the wage paid to Hernandez by applying the tip credit allowance available under the FLSA and the NYLL.

52. Defendants did not compensate Hernandez with any overtime wages required by the FLSA and the NYLL for all hours he worked in excess of forty per workweek.

53. Defendants did not pay Hernandez one additional hour of pay at the statutory minimum hourly rate for each day that the length of his workday exceeded ten hours.

54. Defendants did not furnish Hernandez with annual wage notices.

55. Defendants did not furnish Hernandez with accurate statements of wages, including, *inter alia*, hours worked, rates paid, and gross wages.

**Robert Enmanuel Emiliano**

56. Emiliano worked as a waiter at Cocina Taller from on or about January 18, 2016 through in or about April 2016.

57. During his first two weeks at Cocina Taller, Emiliano worked three days each week, from 4:30 p.m. to approximately 2:00 a.m., totaling approximately 28.5 hours per week.

58. During the remainder of his employment with defendants, Emiliano worked four to five days per week, on varying days but always including Friday, Saturday, and Sunday, from 4:30 p.m. to approximately 2:00 a.m., totaling approximately 38 to 47.5 hours per week.

59. Defendants did not pay Emiliano despite his complaints about non-payment until March 29, 2016, when defendants paid him $1,122.54 by personal check for all hours he worked at Cocina Taller.

60. Prior to paying Emiliano, defendants deducted approximately $100 from his wages for a customer walk-out.

61. After paying Emiliano, defendants stopped assigning him shifts.

62. Defendants did not compensate Emiliano at the statutory minimum wage rate required by the FLSA and the NYLL for any of the hours he worked.

63. Defendants did not provide Emiliano with sufficient notice of the tip credit provisions of the FLSA and the NYLL and did not express the intent to apply a tip credit to Emiliano's wages.

64. Defendants were not entitled to reduce the wage paid to Emiliano by applying the tip credit allowance available under the FLSA and the NYLL.

65. Defendants did not compensate Emiliano with any overtime wages required by the FLSA and the NYLL for the hours he worked in excess of forty per workweek.

66. Defendants did not pay Emiliano one additional hour of pay at the statutory minimum hourly rate for each day that the length of his workday exceeded ten hours.

67. Defendants did not furnish Emiliano with annual wage notices.

68. Defendants did not furnish Emiliano with accurate statements of wages, including, *inter alia*, hours worked, rates paid, and gross wages.

**Carolina Pichardo**

69. Pichardo worked as a waitress at Cocina Taller from March 19, 2016 through April 21, 2016.

70. Pichardo regularly worked three times per week, on varying days, from 4:00 p.m. to approximately 2:00 a.m., totaling approximately 30 hours per week.

71. Defendants paid Pichardo approximately $240 once for all the hours she worked for defendants.

72. Defendants did not compensate Pichardo at the statutory minimum wage rate required by the FLSA and the NYLL for any of the hours she worked.

8

73. Defendants did not provide Pichardo with sufficient notice of the tip credit provisions of the FLSA and the NYLL and did not express the intent to apply a tip credit to Pichardo's wages.

74. Defendants were not entitled to reduce the wage paid to Pichardo by applying the tip credit allowance available under the FLSA and the NYLL.

75. Defendants did not pay Pichardo one additional hour of pay at the statutory minimum hourly rate for each day that she worked in excess of ten hours.

76. Defendants did not furnish Pichardo with annual wage notices.

77. Defendants did not furnish Pichardo with accurate statements of wages, including, *inter alia*, hours worked, rates paid, and gross wages.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

78. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

79. The FLSA and NYLL require that employers pay employees at least a minimum wage for all hours worked.

80. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiffs.

81. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.* and the supporting federal regulations, apply to defendants.

82. Defendants failed to pay plaintiffs the minimum wages to which they were entitled under the FLSA.

83. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to plaintiffs' compensation.

84. As a result of defendants' willful violations of the FLSA, plaintiffs suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

85. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

86. The NYLL requires that employers pay employees at least a minimum wage for all hours worked.

87. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiffs.

88. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to defendants.

89. Defendants failed to pay plaintiffs the minimum wages to which they were entitled to under the NYLL.

90. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs at least the minimum hourly wage.

91. As a result of defendants' violations of the NYLL, plaintiffs are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre- and post-judgment interest.

## THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

92. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

93. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiffs overtime wages for all of the hours they worked in excess of forty in a workweek.

94. Defendants did not make a good faith effort to comply with the FLSA with respect to plaintiffs' compensation.

95. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to plaintiffs' compensation.

96. Due to defendants' violations of the FLSA, plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

97. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

98. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiffs one and one-half times the regular rate of pay for all hours worked in excess of forty in a workweek.

99. Defendants have failed to pay plaintiffs the overtime wages to which they are entitled to under the NYLL.

100. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs overtime wages.

101. Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

102. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

103. Defendants did not pay plaintiffs the required spread-of-hours pay of an additional hour's pay at the minimum wage for every day in which their shift spanned more than ten hours.

104. Defendants willfully failed to pay plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

105. By defendants' failure to pay plaintiffs spread-of-hours pay, defendants willfully violated the NYLL Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, 146-1.6.

106. Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover unpaid spread-of-hours pay, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## SIXTH CLAIM
### (New York Labor Law – Wage Notice - Wage Theft Prevention Act)

107. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

108. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and

12

whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

109. In violation of NYLL § 191, defendants failed to furnish to plaintiffs at the time of hiring, whenever there was a change to each plaintiff's rates of pay, and on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

110. Due to defendants' violation of NYLL § 195(1), plaintiffs are entitled to recover from defendants liquidated damages of $50 per work day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**SEVENTH CLAIM**
**(New York Labor Law – Wage Statements - Wage Theft Prevention Act)**

111. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

112. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

13

113. Defendants willfully failed to furnish plaintiffs with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

114. Due to defendants' violation of NYLL § 195(3), plaintiffs are entitled to recover from defendants liquidated damages of $250 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

a. declaring that defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

b. declaring that defendants have violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

c. declaring that defendants violated the notice provisions of the NYLL and WTPA;

d. declaring that defendants' violations of the FLSA and NYLL were willful;

e. awarding unpaid minimum and overtime wages and an additional and equal amount as liquidated damages permitted by law pursuant to the FLSA and the supporting United States Department of Labor Regulations;

  f. awarding unpaid minimum and overtime wages, spread of hours pay, and an additional and equal amount as liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

  g. awarding plaintiffs liquidated damages as a result of defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

  h. awarding plaintiffs pre- and post-judgment interest under the NYLL;

  i. awarding plaintiffs' reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

  j. awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
   October 4, 2016

              PECHMAN LAW GROUP PLLC

              By: _____
              Louis Pechman, Esq.
              Laura Rodríguez, Esq.
              Lillian M. Marquez, Esq.
              488 Madison Avenue, 11th Floor
              New York, New York 10022
              (212) 583-9500
              pechman@pechmanlaw.com
              rodriguez@pechmanlaw.com
              marquez@pechmanlaw.com
              *Attorneys for Plaintiffs*