IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANYELA SALAZAR, ANEL HERNANDEZ, ROBERT ENMANUEL EMILIANO, and CAROLINA PICHARDO,<br><br>Plaintiffs,<br><br>v.<br><br>203 LENA INC. d/b/a COCINA TALLER, DARIO OLEAGA, and PEDRO ABEL,<br><br>Defendants. | No. 16-cv-7743 (RWS) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants, 203 Lena Inc. d/b/a Cocina Taller (hereinafter, the "Restaurant" or "Cocina Taller"), and Dario Oleaga and Pedro Abel (together, the "Individual Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### PRELIMINARY STATEMENT

Plaintiffs, a group of individuals who worked at Cocina Taller for periods ranging from as little as 4 weeks to 2 years, have joined forces to bring an action against all defendants alleging violations of the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) for failure to pay minimum wage, over time pay, spread of hours, and provide wage notices.

The complaint suffers from two major deficiencies which are cause for dismissal: 1) plaintiffs do not allege that the Individual Defendants were their employers, and 2) it lacks the requisite specificity sufficient to properly plead minimum wage and overtime claims in this district. Moreover, given that the Individual Defendants are neither owners nor managers of the Restaurant, the complaint is incurably defective and must be dismissed against them.

## STATEMENT OF FACTS

Plaintiff Carolina Pichardo ("Pichardo"), who worked at the Restaurant for a total of 4 weeks (Comp. ¶14)[1] and is on her second FLSA case this year,[2][3] leads this group of disgruntled former employees in their quest for "injunctive and declaratory relief against defendants' unlawful actions" (Comp. ¶4). In addition to naming Cocina Taller as a defendant, plaintiffs allege that the Individual Defendants were each "an owner of Cocina Taller" and that they "exercised **sufficient control** over Cocina Taller's operations to be considered plaintiffs' employer under the FLSA and NYLL." (Comp. ¶¶ 19-20, 22-23)(emphasis added). Plaintiffs then formulaically recite that the Individual Defendants "had power over personnel decisions at Cocina Taller, including the power to discipline, hire and fire employees, set their wages, and otherwise control the terms and conditions of employment." (Comp. ¶¶ 21,24). Beyond these recitations, however, the Individual Defendants are nowhere else mentioned in the complaint, and not a single example is provided to substantiate these allegations.

The complaint is equally lacking in specificity with respect to plaintiffs' minimum wage and overtime allegations. Plaintiffs' allegations, to the extent they can be believed, also fail to satisfy the criteria established in this district.

Anyela Salazar ("Salazar"), for example, alleges that she was employed as a waitress from July 31, 2014 – June 10, 2016 (Comp. ¶¶ 7, 25). Ms. Salazar's story is harrowing, to say the least. In addition to claiming that she once worked six months without getting paid (Comp. ¶ 30), Ms. Salazar alleges that she was required to work Saturday 4:30 p.m. to Sunday 5:00 a.m., and then again Sunday 10:30 a.m. "until closing time at 2:00 a.m. or 3:00 a.m. the next morning."

---

[1] Citations to "Comp. ¶___" refer to plaintiffs' complaint filed on October 4, 2016.
[2] Ms. Pichardo's first FLSA action this year, captioned *Pichardo v Eskina 214 Corp.*, et al., 16-cv-2279 (S.D.N.Y.), settled earlier this month.
[3] Ms. Pichardo's expertise with FLSA cases goes beyond her own experience, however, given that her husband Mr. Willy Escolastico is a plaintiff in the action captioned *Castelan-Hilario v Vida Café Inc.*, 15-cv-2015 (S.D.N.Y) also currently pending before this Court.

(Comp. ¶27) Even if one were to suspend one's disbelief to accept that Ms. Salazar was regularly required work 29 hours in a 34.5-hour period, the complaint fails to establish the periods of time during which she was allegedly subjected to this excruciating schedule. Rather than provide dates, the complaint merely suggests that "Salazar regularly worked four times per week, on Wednesday, Friday, Saturday, and Sunday, approximately 41 to 49 hours each week." (Comp. ¶26).

Ms. Salazar's story regarding her pay is equally disturbing and equally lacking in specificity. She claims that first she worked for free, then she was paid $20 per day, and then "[a]t some point in 2015" she was paid $40 per day. (Comp. ¶¶ 28-29). Ultimately, Ms. Salazar admits that she was paid her wages via a $5,000 lump sum check (Comp. ¶30), though conveniently she fails to reveal what period of time that covered or how many hours she was being compensated for. Worse yet, like all other plaintiffs, Ms. Salazar claims that defendants did not pay her the statutory minimum wage (Comp. ¶¶ 32, 49, 62, 72), and that they were not allowed to reduce plaintiff's wages by applying the tip credit allowance (Comp. ¶ 34, 51,64, 74), because they "did not provide [plaintiffs] with **sufficient notice** of the tip credit provisions of the FLSA and NYLL" (Comp. ¶¶ 33, 50, 63, 73)(emphasis added). Interestingly, the complaint does not say that no notice was provided, rather that, in plaintiffs' interpretation, the notice was not **"sufficient."**

Plaintiff Anel Hernandez ("Hernandez") alleges that he has worked at Cocina Taller from June 2015 through the present. (Comp. ¶¶ 10, 39). From the start of his employment through June 24, 2016, Mr. Hernandez "regularly worked four times per week." (Comp. ¶ 40). As of June 24, 2016, however, Mr. Hernandez works only three days per week. (Comp. ¶ 41). Mr. Hernandez is unique in that he is the only plaintiff to admit that he was paid an hourly rate of $7.50 per hour. (Comp. ¶¶42, 47). Like the other plaintiffs, however, Mr. Hernandez claims to have had a

schedule specifically tailored to him; he "worked each day from 4:30 p.m. to approximately 3:00 a.m. the next morning. (Comp. ¶ 42)[4] Thus it appears that he would have been paid correctly, but for that special schedule that required him to work "approximately 42 hours per week in a four day workweek." (Comp. ¶ 42). From May 25, 2016 – present, Mr. Hernandez admits to getting paid weekly by check. (Comp. ¶ 47).

Plaintiff Robert Enmanuel Emiliano ("Emiliano") alleges that he worked as a waiter at Cocina Taller for approximately 2 1/2 months earlier this year. (Comp. ¶ 12, 56). While only involving a 10-week period in the recent past, Mr. Emiliano can only say that he worked 4 or 5 days per week for a total of "approximately 38 to 47.5 hours per week." (Comp. ¶ 58). Mr. Emiliano neglects to make any mention of his rate of pay, but admits that on March 29, 2016 he was paid $1,122.54 for all hours worked. (Comp. ¶59)

During Ms. Pichardo's four-week stint at the Restaurant (Comp. ¶ 69) she claims to have worked "**approximately** 30 hours per week." (Comp. ¶ 70)(emphasis added). She too neglects to state her hourly rate of pay or how she was paid, but notes that she was paid "**approximately** $240 once for all the hours she worked for defendants." (Comp. ¶ 71)(emphasis added).

Notwithstanding plaintiffs' creative pleadings, their allegations are not specific enough to plead FLSA and NYLL violations in this Court.

---

[4] It's interesting to note that although all four plaintiffs are waiters that worked the same days and the same shift, they all claim to have worked different hours: 1) Salazar claims that she worked 4:30 p.m. – 5:00 a.m. (Comp. ¶27), 2) Hernandez claims that his schedule was from 4:30 p.m. – 3:00 a.m. (Comp. ¶42), 3) Emiliano claims that his work schedule was from 4:30 p.m. – 2:00 a.m. and 4) Pichardo claims that she worked 4:00 p.m. – 2:00 a.m. (Comp. 70). Conveniently, each plaintiff's alleged hours are just enough to allow them to make spread of hours claims alleging that they were not paid an extra hour for each day they worked "in excess of ten hours." Moreover, excepting Pichardo who only worked three days per week, each plaintiff's alleged hours are also just enough to justify a claim for overtime wages. Imagine if the real schedule was 4:30 p.m. – 2:00 a.m., or worse yet 5:00 p.m. – 2:00 am. (See Exhibit 3)

# ARGUMENT

## I. PLEADING STANDARD

To survive a motion to dismiss under Rule 12(b)(6) plaintiffs must plead enough facts to "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although factual allegations are assumed to be true, they must still be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The plausibility standard requires more than a showing of "sheer possibility that the defendant has acted unlawfully" and requires a plaintiff to make "more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). To meet this standard, a plaintiff must plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Pleadings that contain "no more than conclusions…are not entitled to the assumption of truth" otherwise applicable to complaints in the context of motions to dismiss. *Id.* at 679.

## II. PLAINTIFFS FAIL TO ADEQUATELY PLEAD THAT THE INDIVIDUAL DEFENDANTS WERE THEIR EMPLOYERS

Plaintiffs assert claims against all three defendants alleging the failure to pay minimum wage and overtime wages in violation of the FLSA and NYLL. The FLSA and NYLL minimum and overtime wage provisions apply only to "employees" who are "employed" by "employers." As a prerequisite to bringing an action under those statutes a plaintiff must first allege that she/he is or was "an[] individual employed by an employer." *See* FLSA §§ 203(e)(1), 206(a), 207(a)(1); NYLL § 651. Here, plaintiffs have failed to allege even this basic requirement.

For plaintiffs' claims against the Individual Defendants to proceed, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Put another way, the complaint's "non-conclusory factual content," must allow us to draw the reasonable inference that Individual Defendants were plaintiffs' "employer" and are liable for violations of the FLSA and NYLL. To repeat, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Pleadings that contain "no more than conclusions…are not entitled to the assumption of truth." *Id.* at 679.

With respect to Messrs. Oleaga and Abel, however, the complaint is completely devoid of any factual content underlying plaintiffs' alleged FLSA and NYLL claims directed against them. To be sure, all mention of Messrs. Oleaga and Abel comes during the "Parties" section of the complaint. In that section, plaintiffs make the same threadbare, boilerplate and conclusive allegations as to the both, namely that they were each "an owner of Cocina Taller" and that they "exercised **sufficient control** over Cocina Taller's operations to be considered plaintiffs' employer under the FLSA and NYLL." (Comp. ¶¶ 19-20, 22-23)(emphasis added). Plaintiffs then recite, in conclusory fashion, that the Individual Defendants "had power over personnel decisions at Cocina Taller, including the power to discipline employees, hire and fire employees, set their wages, and otherwise control the terms and conditions of employment." (Comp. ¶¶ 21,24).

Plaintiffs use the undefined term "sufficient control" to suggest that the Individual Defendants were somehow involved in Cocina Taller's operations. In addition to being vague, no additional information is provided sufficient to show how it is that they can "be considered plaintiffs' employer under the FLSA and NYLL." Similarly, missing from the complaint is any allegation that plaintiffs were hired, fired, or had their schedules and pay rates set by the

Individual Defendants. Indeed, not a single plaintiff claims that they had any interactions with the Individual Defendants, and the publicly available documentary evidence points to others as being the owners of the Restaurant. *See* Exhibits 1-2, (DOS entity information listing Hector Silvestre as the contact person for 203 Lena Inc.; the New York State Liquor Authority Website, listing Poryelina F. Rosario as the Principal of the business).

Given the complete and lack of any factual content with respect to the Individual Defendants all claims against them should be dismissed with prejudice.

### III. PLAINTIFFS' THREADBARE, BOILERPLATE, AND CONCLUSIVE ALLEGATIONS FAIL TO ADEQUATELY PLEAD AN UNPAID OVERTIME CLAIM UNDER THE FLSA

Section 207(a) of the FLSA requires that, "for a workweek longer than forty hours," an employee who works "in excess of" forty hours shall be compensated for that excess work "at a rate not less than one and one-half times the regular rate at which he is employed" (i.e. time and a half). 29 U.S.C. § 207(a)(1). Therefore, to survive a motion to dismiss, plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours. *See Lundy*, 711 F.3d 106, 114 (2d Cir. 2013) (dismissing FLSA overtime claims where plaintiffs alleged only that they "regularly worked hours both under and in excess of forty hours per week"); *Nakahata*, 723 F.3d at 199-201 (dismissing FLSA overtime claim where plaintiff alleged that she worked more than forty hours per week during "some or all weeks" of her employment). A "plausible" claim contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise the right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

"In order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114. Here the complaint fails to state a plausible claim that the FLSA was violated with respect to overtime compensation because plaintiffs have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours. Plaintiffs' allegations fail to "provide some factual context that will nudge his claim from conceivable to plausible." *Dejesus v. HF Mgmt. Services, LLC*, 726 F.3d 85, 86 (2d Cir. 2013) (quoting *Twombly* 550 U.S. at 570).

Plaintiff Salazar claims that she "regularly worked four times per week. . . approximately 41 to 49 hours each week" (Comp. ¶ 26), without specifying which week she worked what hours; Emiliano alleges, among other things, that he "worked four to five days per week . . . totaling approximately 38 to 47.5 hours per week" (Comp. ¶ 58), again without specifying any particular week; and Hernandez claims to have worked "each day from 4:30 p.m. to approximately 3:00 a.m. the next morning, totaling approximately 42 hours per week in a four day workweek and 31.5 hours in a three-day workweek" (Comp. ¶ 42) all the while conveniently forgetting to mention which those were.

These allegations are insufficient. *See Bustillos v. Academy Bus LLC*, No. 13 Civ. 565 (AJN), 2014 U.S. Dist. LEXIS 3980, at * 1-2 (S.D.N.Y. Jan. 13, 2014) (dismissing FLSA overtime claim where plaintiff alleged that he "regularly work[ed] from 60 to 90 hours per week"); *Spiteri v. Russo*, No. 12-cv-2780, 2013 U.S. Dist. LEXIS 128379, at *55 (E.D.N.Y. Sep. 7, 2013) (dismissing FLSA overtime claim where plaintiff alleged that he " worked approximately fifty (50) to sixty (60) hours per week").

As the Second Circuit explained in *Lundy*, plaintiffs' allegations that they "averaged" and "often" worked overtime falls short of the degree of factual specificity required as they "supply nothing but low-octane fuel for speculation, not the plausible claim that is required." *Lundy*, 711 F.3d at 115. In short, this degree of "invited speculation does not amount to a plausible claim under FLSA." *Lundy*, 711 F.3d at 115.

In *Bustillos v. Academy Bus LLC*, just as in this case, plaintiff alleged that he "would regularly work from 60 to 90 hours per week." 2014 U.S. Dist. LEXIS 3980, at * 10-12. In light of the Second Circuit trilogy of *Lundy*, *Nakahata*, and *Dejesus*, the court concluded that plaintiff failed to adequately plead his claim for failure to pay overtime wages. As the court explained, the allegations "boil down to a conclusory assertion, without any supporting factual context, that the defendants violated the FLSA overtime provision because the plaintiff worked some number of excess hours in some unidentified week." *Id.* at *12.

In *Dejesus v. HF Management Services, LLC*, the plaintiff alleged that in "some or all weeks she worked more than forty hours a week without being paid 1.5 times her rate of compensation." 726 F.3d 85, 89 (internal quotation marks omitted). The Second Circuit nevertheless concluded that the plaintiff failed to state a plausible claim for relief because she did not "allege overtime without compensation in a *given* workweek," as required by *Lundy*. *Id.* at 90. (Citation and internal quotation marks omitted)(Emphasis added). The court explained that *Lundy's* requirement that plaintiffs allege with specificity a workweek in which they were entitled to but denied overtime payment, "was designed to require plaintiffs to provide some factual context that will nudge their claim from conceivable to plausible…" *Id. Lundy* requires plaintiffs to draw on their memory and personal experience to develop factual allegations with

sufficient specificity that they plausibly suggest that defendant failed to comply with its statutory obligations under the FLSA. *See id.*

Plaintiffs' allegations in their complaint are so utterly devoid of content that the complaint must be dismissed in its entirety with prejudice.

### IV. PLAINTIFFS' ALLEGATIONS FAIL TO ADEQUATELY PLEAD A MINIMUM WAGE CLAIM UNDER THE FLSA AND NYLL

#### A. Plaintiffs Fail To Adequately Plead Minimum Wage Claims Under The FLSA

##### i. Plaintiff Hernandez was paid above the federal minimum wage rate

29 U.S.C. § 206 establishes a federal minimum wage of $7.25 per hour effective as of July 24, 2009. Thus, as a prerequisite to bringing an action under this statute, a plaintiff must first allege that she/he is or was paid below the federally established minimum wage. FLSA §29 U.S.C. § 206, *see Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201, 2013 U.S. App. LEXIS 14128, 2013 WL 3743152, at *5 (2d Cir. July 11, 2013) ("The FLSA statute requires payment of minimum wages and overtime wages only; therefore, the FLSA is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold.") Here, plaintiffs have failed to allege this basic requirement.

To be sure, plaintiff Hernandez, who was the only plaintiff to plead that he was paid an hourly rate, states that he was paid $7.50 per hour. (Comp. ¶¶ 43, 47). Thus, by his own admission plaintiff Hernandez was paid above the federal minimum wage for all hours of work under 40.

##### ii. The remaining three plaintiffs fail to adequately plead minimum wage claims under the FLSA

As detailed above, a "plausible" claim is one that contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise

the right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." "Determining whether a plausible claim has been pled is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Lundy* 711 F3d at 114, *citing Iqbal*, 556 U.S. at 679 (internal quotations omitted).

Here, judicial experience and common sense mandate that plaintiffs remaining claims for violation of FLSA minimum wage requirements be dismissed. To be sure, of the three remaining plaintiffs, neither Emiliano nor Pichardo mention any rate of pay. Indeed, other than to suggest that they received occasional large lump sum payments, their allegations are completely devoid of any information that would let anyone determine what their rate of pay was, let alone put defendants in a position to defend against it.

Ms Salazar's allegations, on the other hand, are conveniently disguised to imply an infraction, but never actually revealing one. For example, Ms. Salazar claims that she was paid $20 per day (Comp. ¶ 28) and $40 per day (Comp. ¶29), but then she never explains how many hours she worked on those days in which she was supposed paid those amounts. Indeed, even when she claims that she received one time lump sum check for $5,000 (Comp. ¶30), Ms. Salazar fails to indicate how many days or hours that amount was supposed to cover.

Thus, even on the assumptions that these facts are true, plaintiffs' claims do not raise the right to relief above the speculative level. Therefore, plaintiffs FLSA claims for minimum wage pursuant to the FLSA must be dismissed with prejudice.

### B. Plaintiffs Fail To Adequately Plead Minimum Wage Claims Under The NYLL

NYLL § 652 establishes that every employer in this state shall pay its employees an hourly rate of not less than "$8.75 on or after December 31, 2014," and "$9.00 on after December

31, 2016." Notwithstanding, an employer could take a tip credit against wages to reduce the employers hourly wage requirement to tipped employees, upon providing notice. NYCRR §§ 146.1.3, 146-2.2. Thus, tipped employees, like the plaintiffs here, were only required to receive a wage of $5.65 per hour, and the employer was allowed to take a tip credit of $3.10 per hour, from December 31, 2014 – December 30, 2015 NYCRR § 146-1.3(3). From December 31, 2015, through the present and employer was only required to pay "a wage of at least $7.50 per hour" and to take a tip credit not to exceed $1.50 per hour. NYCRR § 146.1.3(4)

As detailed in the statute, to establish a claim for minimum wage under the NYLL an employee must establish: 1) that she/he was paid below the minimum wage, and 2) that the employer had no justification for so doing, either because the employee was not a tipped employee or because proper notice of a tip credit was not given. Here plaintiffs fail to allege either of those two things.

First, as detailed above, only one plaintiff, Mr. Hernandez, even alleged hourly rate. The other three plaintiffs completely balked on this requirement. Second, plaintiffs fail to allege that defendants did not provide notice of their intent to take the tip credit. Instead, plaintiffs as a group try to fudge this requirement by suggesting that defendants did not provide "sufficient notice of the tip credit provisions." (Comp. ¶¶ 33, 50, 63, 73). To make matters worse, plaintiffs don't even bother explaining what was allegedly wrong with the notice.

Thus, for the reasons outlined herein, plaintiffs' claims for violations of the New York minimum wage laws must be dismissed with prejudice against all defendants.

**V.   TO THE EXTENT PLAINTIFFS ARE FOUND TO HAVE ALLEGED ANY CLAIMS AGAINST DEFENDANTS UNDER NYLL, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS**

As detailed above, plaintiffs have failed to allege any claims against Defendants. Nevertheless, should the Court determine that plaintiffs have stated a claim under NYLL against any defendant, this Court should decline to exercise supplemental jurisdiction over that claim.

Subject matter jurisdiction in this matter is premised on federal question jurisdiction over plaintiffs' FLSA claims under 28 U.S.C. § 1331, with supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367. Comp. ¶ 5. A district court "may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction." 13 U.S.C. § 1367. The decision to exercise supplemental jurisdiction is within the sound discretion of the district court and involves an assessment, at each stage of the case, of the values of judicial economy, convenience, fairness, and comity. *See Lundy*, 711 F.3d at 117-18. "Once all federal claims have been dismissed, the balance of factors will usually point toward a declination." *Id.* at 118.

The Court should decline to exercise supplemental jurisdiction over plaintiffs' state law claims because none of the factors listed above counsel in favor of retaining jurisdiction. The litigation is at its earliest stages and the Court and parties have not invested significant resources in litigating or resolving the state law claims. Nor do principles of comity counsel in favor of the Court retaining jurisdiction. Courts in these circumstances have routinely declined to exercise supplemental jurisdiction and dismissed state law claims. *Bustillos v. Academy Bus, LLC*, No. 13-cv-565, at *3 (S.D.N.Y. January 13, 2014)  *See, e.g., Dreher v. Doherty*, No. 12-cv-3385, 2013 U.S. App. LEXIS 17464, at *1 n.1 (2d Cir. Aug. 21, 2013) (unpublished) (noting district court's dismissal); *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 218 n.1 (2d Cir. 2002) (same);

13

*Cromwell*, No. 12-cv-4251, 2013 U.S. Dist. LEXIS 69414, at *11-13 (declining to exercise supplemental jurisdiction over NYLL claims after determining that FLSA claims were not adequately pleaded); *Yang Li v. Ya Yi Cheng*, No. 10-cv-4664, 2012 U.S. Dist. LEXIS 40241, at *16 (E.D.N.Y. Jan. 9, 2012) (noting that Second Circuit courts routinely decline supplemental jurisdiction in these circumstances).

## CONCLUSION

For the foregoing reasons, the Court should dismiss plaintiffs FLSA and NYLL claims against 203 Lena Inc. d/b/a Cocina Taller, Dario Oleaga, and Pedro Abel, in their entirety and grant any and all further relief as may be just and proper.

Dated:  New York, New York
        December 14, 2016

    /s/Martin E. Restituyo, Esq.
By: Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

*Attorneys for All Defendants*