**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANYELA SALAZAR, ANEL HERNANDEZ, ROBERT ENMANUEL EMILIANO, and CAROLINA PICHARDO,<br><br>Plaintiffs,<br><br>v.<br><br>203 LENA INC. d/b/a COCINA TALLER, and DARIO OLEAGA,<br><br>Defendants. | Index No. 16-cv-7743 (RWS)<br><br>**ANSWER** |

Defendants, 203 LENA INC. d/b/a COCINA TALLER and DARIO OLEAGA ("Defendants"), by their counsel, the Law Offices of Martin E. Restituyo P.C., as and for their Answer to the Amended Complaint (hereinafter "Complaint"), of Anyela Salazar, Anel Hernandez, Robert Enmanuel Emiliano, and Carolina Pichardo ("Plaintiffs") set forth the following:

1. Lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraphs 1, 4, and 6, but deny that Defendants violated the Fair Labor Standards Act (FLSA) or the New York Labor Laws (NYLL).

2. Deny the allegations contained in paragraph 2 except to admit that Cocina Taller is located at 416 W. 203rd Street, New York, New York 10034.

3. Deny the allegations contained in paragraphs 3, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 82, 83, 84, 85, 86, 87, 88, 89, 90, 93, 95, 96, 97, 100, 101, 102, 103, 104, 106, 107, 108, 109, 111, 112, 113, 114, 116, 117, 118, 119, 122, 123, 126, and 127.

4. Deny the allegations contained in paragraph 5. This Court does not have subject matter jurisdiction where Defendants are not an "enterprise engaged in commerce" as that that term is defined by the FLSA. 29 U.S.C. § 203(s)(1)(A)

5. Lack knowledge and information sufficient to form as belief as to the truth of the allegations in paragraph 7, 9, 11, and 13, as they relate to Plaintiffs' residences.

6. Deny the allegations contained in paragraphs 8, 10, 12, 14, except to admit that Plaintiffs worked at Cocina Taller at some point.

7. Admit the allegations contained in paragraphs 15 and 27.

8. Deny the allegations in paragraph 28 except to admit that Dario Oleaga was often present at Cocina Taller.

9. Admit the allegations contained in paragraphs 29, 48, 67, and 81, except to deny the alleged dates of employment.

### FIRST AFFIRMATIVE DEFENSE

10. Plaintiffs failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

11. To the extent that the period of time alluded to in Plaintiffs' Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C §255 (a), or any similar state labor law, such claims are barred.

### THIRD AFFIRMATIVE DEFENSE

12. To the extent that Defendants' actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and

unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or New York Department of Labor, Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259.

### FOURTH AFFIRMATIVE DEFENSE

13. To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA and/or NYLL, Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C § 260.

### FIFTH AFFIRMATIVE DEFENSE

14. Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA and/or NYLL, including those provided for in 29 U.S.C §§ 207, 213.

### SIXTH AFFIRMATIVE DEFENSE

15. Defendants, at all times, acted in good faith to comply with the FLSA and NYLL and with reasonable grounds to believe that their actions did not violate the FLSA and/or NYLL, and Defendants assert a lack of willfulness or intent to violate the FLSA and/or NYLL as a defense to any claim by Plaintiffs for liquidated damages.

### SEVENTH AFFIRMATIVE DEFENSE

16. Plaintiffs are not an "employee" of Defendants as defined by the FLSA and/or NYLL.

### EIGTH AFFIRMATIVE DEFENSE

17. Defendants are not an "employer" of Plaintiffs as defined by the FLSA and/or NYLL.

**NINTH AFFIRMATIVE DEFENSE**

18. Plaintiffs' claims are barred to the extent Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

19. To the extent applicable, Plaintiffs' claims are barred by the doctrines of waiver, unclean hands, collateral estoppel, and/or laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

20. Even if Defendants, in fact, failed to pay Plaintiffs appropriately for any of the activities alleged in the Complaint, to the extent that such activities do not constitute compensable work under the FLSA and/or NYLL, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment, they are not compensable.

**TWELFTH AFFIRMATIVE DEFENSE**

21. Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which Plaintiffs were engaged in activities which were preliminary to their principal activities or incidental to them.

**THIRTEENTH AFFIRMATIVE DEFENSE**

22. Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

## FOURTEENTH AFFIRMATIVE DEFENSE

23. Plaintiffs' NYLL claims cannot lie, in whole or in part, to the extent Defendants are not covered by the New York Department of Labor Wage Order cited in the Complaint, or any other Wage Order.

## FIFTEENTH AFFIRMATIVE DEFENSE

24. This action cannot be certified and supplemental or other jurisdiction should not be exercised over Plaintiffs' state law claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

25. Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

26. Assuming arguendo, Defendants violated any provision of the FLSA or NYLL, such violation was not pursuant to a uniform policy or plan.

## EIGHTEENTH AFFIRMATIVE DEFENSE

27. Defendants have not willfully failed to pay Plaintiffs any wages and/or monies claims due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

## NINTEENTH AFFIRMATIVE DEFENSE

28. Plaintiffs are not entitled to an award of prejudgment interest if they prevails on any or all of the stated claims.

## TWENTIETH AFFIRMATIVE DEFENSE

29. The Complaint fails to state facts sufficient to entitle Plaintiffs to any relief, including, but not limited to, the failure to properly state facts sufficient to identify

any actual or threatened harm to Plaintiffs beyond pure speculation, the failure to allege facts showing that Plaintiffs have no adequate remedy at law, and the proposal of relief that would impose an undue burden on both Defendants and the Court and be so uncertain as to be wholly unenforceable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

30. Plaintiffs lack standing to file and/or prosecute this action against Defendants and/or to receive any attorney's fees.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

31. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the applicable limitations periods, Plaintiffs' claims are barred.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

32. To the extent that discovery reveals that Plaintiffs falsely reported their hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiffs to falsely report their hours; and no evidence that Defendants knew or should have known that Plaintiffs were providing false information as to their hours, Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by the Plaintiffs. *See. Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5thCir. 1972).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

33. To the extent Plaintiffs' NYLL claims can and should be prosecuted in New York state court, and/or said claims are remanded to New York state court, Plaintiffs are

barred under Article 9 of New York's Civil Practice Law and Rules from seeking any penalties or liquidated damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

34. To the extent that Defendants are or were neither an "enterprise," nor an "enterprise engaged in commerce," under the FLSA, Defendants were not obligated to pay overtime under the FLSA.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

35. The individual Defendant named in this action was not Plaintiffs' employer within the meaning of the FLSA or NYLL

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

36. Defendants comply with New York Labor Law § 652, all relevant wage orders and regulations, and pay all employees at or above the applicable minimum wage.

### TWENTY-EIGTH AFFIRMATIVE DEFENSE

37. . To the extent applicable, Plaintiffs have failed to exhaust any and all administrative or contractual remedies and/or conditions precedent which they were required to avail themselves of.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

38. To the extent any Plaintiff has received other benefits and/or awards attributable to an injury for which they seek compensation in this case, as applicable such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

## THIRTIETH AFFIRMATIVE DEFENSE

39. Plaintiffs' claims are barred in whole or in part, or Plaintiffs' recovery should be limited, by the doctrine of after acquired evidence

## STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENESES

40. Defendants reserve the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise. Defendants assert the foregoing affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

**WHEREFORE,** Defendants respectfully requests judgement:

a) Dismissing the Complaint against them;

b) Granting judgment in favor of Defendants in an amount to be determined at trial;

c) Granting Costs, disbursements, and attorney's fees of this action and any other expenses incurred by the Defendants in the prosecution thereof; and

d) for such other relief as this court may deem just and proper.

Dated: New York, New York
January 27, 2017

By: Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

*Attorneys for Defendants*

TO: Louis Pechman, Esq.
Pechman Law Group PLLC
488 Madison Avenue
New York, New York 10022

*Attorney for Plaintiffs*

## CERTIFICATION OF SERVICE

I, Martin E. Restituyo, hereby certify that on January 27, 2017, I caused a copy of the attached Notice of Motion to Dismiss plaintiffs' complaint, and Declaration of Martin E. Restituyo and the Memorandum of Law in Support thereof to be served: (i) electronically on all counsel registered for electronic service in this action; and (ii) by email to any additional counsel.

Dated:  New York, New York
        January 27, 2017

_____
Martin E. Restituyo, Esq.