IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANYELA SALAZAR, ANEL HERNANDEZ, ROBERT ENMANUEL EMILIANO, and CAROLINA PICHARDO,<br><br>      Plaintiffs,<br><br>    v.<br><br>203 LENA INC. d/b/a COCINA TALLER, and DARIO OLEAGA,<br><br>      Defendants. | No. 16-cv-7743 (RWS) |

**DECLARATION OF MARTIN E. RESTITUYO IN SUPPORT OF THE MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS**

MARTIN E. RESTITUYO, declares, under penalty of perjury:

1. I am a member of the Law Offices of Martin E. Restituyo, P.C. ("Defendants' Counsel"). I submit this Declaration in support of the instant motion to withdraw as counsel for defendants 203 Lena Inc. and Dario Oleaga (collectively "Defendants").

2. Defendants' Counsel seeks permission to withdraw from the representation of Defendants in this matter because of divergent and irreconcilable views regarding the litigation strategy to employ in this matter and because of non-payment of fees.

3. During the course of its representation, Defendants' Counsel has performed significant work in connection with the pleading, discovery, pre-trial, and settlement phases of this litigation. On October 4, 2016, plaintiffs filed their Complaint in this action, against 203 Lena Inc., Dario Oleaga, and Pedro Abel. Thereafter Defendants' Counsel entered and appearance and moved to dismiss the action. As a result of that Motion on January 12, 2017, plaintiffs filed an Amended Complaint that dropped Mr. Abel from their allegations. On January 27, 2017, Defendants'

Counsel filed an answer to the Amended Complaint. An Initial Conference was held on February 7, 2017. Thereafter the parties have been engaged in discovery and settlement discussions.

4. During the course of discovery and settlement negotiations Defendants and Defendants' Counsel have encountered certain differences with respect to strategy to employ in this litigation. Defendants have made it clear that these differences are divergent and irreconcilable. Recent communications have also made it clear that there has been an erosion of the attorney-client relationship.

5. Defendants have further indicated that they will not pay for any subsequent legal work Defendants' Counsel would perform on Defendants' behalf and Defendants' Counsel should not expect to be compensated for work done previously in the case.

6. For these reasons, both independently and collectively, Defendants' Counsel respectfully requests to be relieved as counsel for the Defendants.

7. Defendants' Counsel does not intend to assert a retaining lien. In any event, Defendants' Counsel would fully assist new counsel in transitioning the representation by providing critical documents and information on an expedited basis.

Dated: New York, New York
       May 15, 2017

                                                             /s/Martin E. Restituyo
                                                           Martin E. Restituyo, Esq.