# PECHMAN LAW GROUP PLLC
### ATTORNEYS AT LAW

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

July 5, 2017

Honorable Robert W. Sweet
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Salazar et al. v. 203 Lena Inc. d/b/a Cocina Taller et al.*
              16 Civ. 7743 (RWS)(JLC)

Dear Judge Sweet:

     Plaintiffs respectfully submit this request, pursuant to Federal Rule of Civil Procedure 37, to compel Defendants' responses to Plaintiffs' discovery responses and to set a deadline by which 203 Lena Inc. must retain counsel.

     On March 8, 2017, Plaintiffs served discovery requests upon Defendants, including Interrogatories and Requests for the Production of Documents. Defendants failed to respond to those requests within 30 days, as is required by Federal Rules of Civil Procedure 33 and 34. On April 7, 2017, the undersigned discussed Defendants' discovery responses, for which then counsel for Defendants, Martin Restituyo, requested more time to complete. By email dated April 19, 2017, the undersigned requested a status on Defendants' overdue discovery responses. Defendants' counsel did not specifically respond to that request, but responded with a settlement offer. Over the next month, the parties engaged in extensive settlement negotiations. After those negotiations failed, on May 16, 2017, Defendants' counsel withdrew from the matter. (ECF No. 35.)

     On May 17, 2017, the undersigned mailed a copy of Plaintiffs' discovery requests to Defendants at their business address, 416 West 203 Street, New York, New York 10034. The letter was returned as undeliverable and no alternative address for *pro se* Defendants has been provided to the Court or counsel. On May 26, 2017, Defendants extended another settlement offer and continued to engage in settlement discussions with Plaintiffs. Defendants' accountant also requested additional time to retain counsel, to which Plaintiffs consented. Plaintiffs rejected Defendants' final offer on June 29, 2017, at which time Defendants' accountant indicated to the undersigned that he would advise Defendants not to retain counsel and instead file for bankruptcy.

Hon. Robert W. Sweet
Page 2 of 2

    By email dated June 29, 2017, the undersigned requested confirmation by close of business June 30, 2017, as to whether Defendants would retain new counsel and respond to Plaintiffs' discovery responses, which were also attached to the email.  The email also noted that in the event Defendants did not state their intent to further participate in this litigation, Plaintiffs would seek entry of their default.  As of July 5, 2017, Defendants have not responded to the June 29, 2017 email.

    Plaintiffs respectfully request that the Court compel Defendants' discovery responses within the next week and, contingent upon Defendants' timely response, extend the July 14, 2017 discovery deadline by one month.  Because a corporate defendant cannot appear in federal court without an attorney, *Lattanzio v. COMTA*, 481 F.3d 137, 139–40 (2d Cir. 2007), Plaintiffs also respectfully request that the Court order 203 Lena Inc. to retain counsel within one week.  Should 203 Lena Inc. fail to retain counsel, or Defendants fail to respond to Plaintiffs' outstanding discovery responses, Plaintiffs intend on seeking the entry of Defendants' default.  *See* Fed. R. Civ. P. 37(d) (providing that failure to comply with an order compelling discovery may result in a default judgment against the disobedient party).

    We thank the Court for its consideration of Plaintiffs' requests.

Respectfully submitted,

*/s/ Lillian M. Marquez*
Lillian M. Marquez

cc:    203 Lena Inc. d/b/a Cocina Taller
       Dario Oleaga
       (Via E-mail: rcocinataller@gmail.com)