# MORRISON TENENBAUM

MORRISON-TENENBAUM PLLC, ATTORNEYS-AT-LAW  M-T-LAW.COM
87 WALKER STREET  2ND FLOOR  NEW YORK  NY  10013
PHONE 212 620 0938   FAX 646 998 1972



September 6, 2017

**Via ECF**

The Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Salazar, et al v. 203 Lena Inc., et al.* **Case No. 16-cv-07743 (RWS)**
      **Suggestion of Bankruptcy**

Dear Judge Sweet:

  Our office is bankruptcy counsel to 203 Lena Inc. ("203' or " the Debtor"). I write to respectfully inform the Court that 203 has filed for Chapter 11 on August 16, 2017 under Case # 17-23274 (RDD) and that all matters are hereby stayed pursuant to Section 362 of the Bankruptcy Code. We respectfully submit that the stay applies to the non-debtor individual defendants as well.

  The complaint herein seeks damages on account of alleged unpaid overtime and wages by the corporate defendants. Consequently, the case cannot go forward without the corporate defendant's involvement because their books and records are essential to determine whether or not plaintiffs' are entitled to any recovery. Indeed all discovery propounded by the plaintiffs was directed at records of the corporate defendants.

  The automatic stay extends to a non-debtor co-defendant:

> "[W]hen a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie*, 321 F.3d at 287. Examples delineated by the Second Circuit include: (1) "a claim to establish an obligation of which the debtor is a guarantor," *Queenie*, 321 F.3d at 288 (citing *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 510–11 (3d Cir.1997)); (2) "a claim against the debtor's insurer," *Queenie*, 321 F.3d at 288 (citing *Johns–Manville Corp. v. Asbestos Litig. Group*, 26 B.R. 420, 435–36 (Bankr.S.D.N.Y.1983)); and (3) "actions where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant....' " *Queenie*, 321 F.3d at 288 (quoting *A.H. Robins*, 788 F.2d at 999).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/7/17

So ordered
Sweet USDJ
9-7-17

*Uto v. Job Site Servs., Inc.*, 444 B.R. 222, 224 (E.D.N.Y. 2011) quoting *Queenie, Ltd. V. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003).

Here, the corporate defendant, and chapter 11 debtor, is the real party in interest. The liability of the individual defendants, if any, only arises if the corporation has not properly paid their employees and that determination, presently, lies with the Bankruptcy Court. Accordingly, the automatic stay should be extended to cover the non-debtor individual defendants.

Please find a copy of a recent Order entered by Judge Jesse M. Furman in the case of Galvez vs. Kem Restaurant, Inc., et al. Case #17-cv-1514 (JMF) which supports our position that the corporate defendant (203) which is now in bankruptcy is the real party in interest and that the bankruptcy stay applies to all defendants.

Finally, we have a long standing relationship with Plaintiff's counsel and have settled numerous wages and hours cases with them. We are confident that we will be able to compromise their claim in the bankruptcy court and settle the matter there.

Thank you for your consideration of the above.

Respectfully submitted,

Lawrence F. Morrison, Esq.
Morrison Tenenbaum, PLLC
87 Walker Street, Floor 2
New York, NY 10013
T. (212) 620-0938
F. (646) 390-5095

cc: Plaintiffs' Counsel (VIA ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NOE GALVEZ, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*,

          Plaintiff,

-v-

KEM RESTAURANT, INC., et al.,
          Defendants.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/07/2017

17-CV-1514 (JMF)

ORDER

JESSE M. FURMAN, District Judge:

  In view of the automatic stay by reason of section 362 of the Bankruptcy Code, the above entitled action is administratively closed subject to the right of any party to reopen within 21 days of the conclusion of bankruptcy proceedings, or the lifting or modification of the automatic stay as applied to this action. Notably, the bankruptcy stay applies to all Defendants, including the individual Defendants, because the Debtor Defendants are the real parties in interest.

  SO ORDERED.

Dated: July 7, 2017
   New York, New York

                 JESSE M. FURMAN
                United States District Judge