```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ANYELA SALAZAR, ANEL HERNANDEZ,           :
ROBERT ENMANUEL EMILIANO, and             :
CAROLINA PICHARDO,                        :
                        Plaintiffs,       :
                                          :        OPINION AND ORDER
v.                                        :
                                          :        16 CV 7743 (VB)
203 LENA INC., d/b/a Cocina Taller, and   :
DARIO OLEAGA,                             :
                        Defendants.       :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiffs Anyela Salazar, Anel Hernandez, Robert Enmanuel Emiliano, and Carolina Pichardo bring this action against Dario Oleaga and 203 Lena Inc., d/b/a Cocina Taller ("203 Lena," and together with Oleaga, "defendants") alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

Now pending is Oleaga's motion to set aside the entry of default and default judgment. (Doc. #91).[1]

For the following reasons, the motion is DENIED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND

On October 4, 2016, plaintiffs commenced this action against Oleaga, 203 Lena, and Pedro Abel. (Doc. #1). On December 14, 2016, Oleaga, 203 Lena, and Abel moved to dismiss the complaint. (Doc. #18). On January 12, 2017, plaintiffs filed an amended complaint, naming

---

[1] Oleaga's motion and supporting papers alternately refer to his motion as requesting vacatur of the entry of default or of the default judgment. Accordingly, the Court construes the motion as seeking relief from both the entry of default and of the default judgment.

1

as defendants only 203 Lena and Oleaga.  (Doc. #27).  On January 27, 2017, 203 Lena and Oleaga answered the amended complaint.  (Doc. #28).

On May 15, 2017, defense counsel for 203 Lena and Oleaga moved to withdraw.  (Doc. #32).  Judge Sweet granted the motion to withdraw on May 16, 2017.  (Doc. #35).[2]

On July 5, 2017, plaintiffs filed a letter-motion to compel defendants to respond to discovery requests and to compel 203 Lena to retain counsel.  (Doc. #36).  On August 23, 2017, Judge Sweet granted the motion and directed that by September 15, 2017, defendants respond to discovery and 203 Lena retain counsel.  (Doc. #42).

On September 6, 2017, bankruptcy counsel to 203 Lena, Lawrence Morrison, informed Judge Sweet that 203 Lena had filed for bankruptcy on August 16, 2017.  (Doc. #43).  On September 7, 2017, Judge Sweet stayed the instant case as to both defendants.  (Doc. #44).

The case remained stayed for over a year and a half, during which time neither defendant was represented by counsel in this case.  In a status update letter dated April 10, 2019, plaintiffs' counsel informed the Court that bankruptcy counsel had moved to dismiss the bankruptcy proceeding and that 203 Lena "represented [in the motion to dismiss] that it will 'maintain operations while it continues its goal of settling the FLSA action.'"  (Doc. #56).  On May 16, 2019, plaintiffs' counsel informed the Court that the bankruptcy court had dismissed the bankruptcy proceeding on May 13, 2019.  (Doc. #59).

On May 17, 2019, the Court entered an Order lifting the stay in this case.  (Doc. #60).  The Order directed 203 Lena to engage legal representation and to have its counsel file a notice of appearance by June 17, 2019.  (Id.).  The Court warned that default judgment might be entered

---

[2] This case was initially assigned to the Hon. Robert W. Sweet and then reassigned to the undersigned after Judge Sweet's death in March 2019.  (Doc. #54).

against 203 Lena if it failed to engage counsel or seek a reasonable extension of time in which to do so. (Id.). The Order also informed Oleaga that he may seek legal representation, but that if he chose to proceed pro se, he must inform the Court in writing as to his address by June 17, 2019. (Id.). The May 17 Order was served on 203 Lena's bankruptcy counsel—the same counsel who filed the pending motion—that day. (See Doc. #61).

Neither 203 Lena nor Oleaga complied with the May 17 Order. Accordingly, by Order dated July 10, 2019, the Court sua sponte extended to August 8, 2019, Oleaga's time to update his address and 203 Lena's time to engage counsel. (Doc. #63). The Court warned defendants, in bold and underlined font, that if they failed to comply with the July 10 Order or seek an extension of time to do so, the Court would direct plaintiffs to move for default judgment. (Id.). The July 10 Order was served on 203 Lena's bankruptcy counsel that day. (See Doc. #64).

Again, neither defendant complied. On August 9, 2019, plaintiffs sought the Clerk of Court's entry of defendants' default. (Doc. #65). On August 19, 2019, the Clerk entered defendants' default. (Doc. #67). By Order dated August 20, 2019, the Court instructed plaintiffs to move by order to show cause for default judgment against defendants. (Doc. #68). The August 20 Order was served on 203 Lena's bankruptcy counsel and mailed to 203 Lena's business address. (See Doc. #69). On September 13, 2019, and October 18, 2019, the Court granted plaintiffs' requests for extensions of time to move by order to show cause for default judgment to October 21, 2019, and then to November 21, 2019. (Docs. ##72, 73, 75, 76). These two Orders were also served on 203 Lena's bankruptcy counsel and mailed to 203 Lena's business address. (See Docs. ##74, 77).

On November 21, 2019, plaintiffs moved by order to show cause for default judgment against defendants (Docs. ##78, 79). On December 3, 2019, the Court ordered defendants to

3

show cause why default a judgment should not be granted in plaintiffs' favor.  (Doc. #83).  The Court scheduled the show cause hearing for January 3, 2020, and ordered defendants to serve and file opposing papers on or before December 30, 2019.  (Id.).   Plaintiffs filed affirmations of service indicating they had served the order to show cause on defendants by "hand delivery/personal service" on December 10, 2019.  (Docs. #84, 85).

Neither defendant opposed the order to show cause or appeared at the show cause hearing on January 3, 2020.  At the hearing, the Court found plaintiffs had established defendants' liability.  Following the hearing, the Court issued an Order granting in part plaintiffs' motion for default judgment.  (Doc. #86).  The Court referred the matter to Magistrate Judge Cott for an inquest on damages.  (Doc. #87).  On January 6, 2020, Chambers mailed to 203 Lena's business address the Order granting in part plaintiffs' motion for default judgment.  Also on January 6, 2020, Judge Cott scheduled a damages inquest.  (Doc. #88).

On February 3, 2020, Oleaga resurfaced and, through an attorney—Lawrence Morrison, 203 Lena's bankruptcy counsel—moved to set aside the Clerk's entry of default and to vacate the January 3 Order granting default judgment as to liability.

## DISCUSSION

Oleaga argues the Court should set aside his default and vacate the default judgment because he did not act willfully, he has demonstrated he has a meritorious defense, and vacatur will not prejudice plaintiffs.

The Court disagrees.

I.   Legal Standard

Rule 55(c) of the Federal Rules of Civil Procedure provides that a district court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule

60(b)." Rule 60(b) governs final judgments and authorizes a district court to "relieve a party . . . from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). When an inquest on damages has been ordered but not taken place, "the 'good cause' standard of Rule 55(c), as opposed to the more rigorous standards of Rule 60(b)" applies. Beom Su Lee v. Karaoke City, 2020 WL 2036706, at *1 (S.D.N.Y. Apr. 28, 2020).[3]

"The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).

When assessing what constitutes "good cause" under Rule 55(c), "the court's determination must be guided by three principal factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166–67 (2d Cir. 2004). "Yet, because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Enron Oil Corp. v. Diakuhara, 10 F.3d at 96.

As to the first factor, willfulness requires "something more than mere negligence, such as egregious or deliberate conduct, although the degree of negligence in precipitating a default is a relevant factor to be considered." New York v. Green, 420 F.3d 99, 108 (2d Cir. 2005). "[T]he

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

5

court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." S.E.C. v. McNulty, 137 F.3d 732, 739 (2d Cir. 1998).

As to the second factor, "[a] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." Enron Oil Corp. v. Diakuhara, 10 F.3d at 98. "In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." S.E.C. v. McNulty, 137 F.3d at 740.

As to the third factor:

> Some delay is inevitable when a motion to vacate a default judgment is granted; thus, delay alone is not a sufficient basis for establishing prejudice. Something more is needed. For example, delay may thwart plaintiff's recovery or remedy. It also may result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.

New York v. Green, 420 F.3d at 110.

II.   Application

As an initial matter, plaintiffs argue Rule 60(b)'s "excusable neglect" standard applies here. Rule 60(b), however, governs motions to set aside final judgments. Here, the Court granted in part, and as to liability only, plaintiffs' motion for a default judgment, and referred the case to Magistrate Judge Cott for an inquest on damages, which has not yet taken place. Accordingly, the "good cause" standard of Rule 55(c) applies. See Beom Su Lee v. Karaoke City, 2020 WL 2036706, at *1.

However, even applying Rule 55(c)'s "good cause" standard, each factor weighs against Oleaga's request to set aside the entry of default and the partial default judgment.

A. <u>Willfulness</u>

First, Oleaga's inaction in this lawsuit is consistent with a conclusion that his default was willful. Although Oleaga was served with the complaint and initially was represented by counsel, he has not responded to numerous orders following his counsel's withdrawal on May 16, 2017, both before and after the case was stayed pending 203 Lena's bankruptcy proceeding. After the stay was lifted, the Court twice directed Oleaga to update his address on the docket. (Docs. ##60, 63). The second of these orders warned Oleaga the Court would direct plaintiffs to move for default judgment against him if he did not comply with the order or seek an extension of time to do so. These orders were ignored, and Oleaga never updated his address on the docket. In addition, the Court issued three orders with respect to plaintiffs' deadline to move by order to show cause for default judgment. (Docs. ##68, 73, 76). The Court then issued an order to show cause for a default judgment. (Doc. #83). All of these orders were served on 203 Lena's bankruptcy counsel, who is also the same attorney that filed Oleaga's instant motion. Moreover, the Court's August 20, September 13, October 18, and December 3, 2019, orders were mailed directly to 203 Lena's business address. Oleaga did not respond to any of these orders in any fashion. Finally, at the January 3, 2020, show cause hearing, although neither defendant appeared, a non-party 203 Lena employee did appear, indicating defendants had received notice of the hearing. Nevertheless, Oleaga's instant motion was the first time he has appeared in this case since counsel's withdrawal in May 2017. Oleaga's inaction, and belated action, evince "something more than mere negligence." <u>New York v. Green</u>, 420 F.3d at 108.

Oleaga contends he "mistakenly believed that the Chapter 11 bankruptcy case stayed the entire proceeding," and so his "default in this case was clearly not intentional" and "there was no 'strategic decision' by [Oleaga] or his counsel to deliberately refrain from appearing in this

7

action." (Doc. #92 ("Def. Mem.") at ECF 6).[4] This explanation is curious. After all, Oleaga is not wrong that the case was stayed for the duration of the bankruptcy proceeding, because this case was stayed on September 7, 2017, as to both defendants. (Doc. #44). But the contention that Oleaga believed the bankruptcy case stayed the entire proceeding is belied by Oleaga's own declaration, in which he states, "On May 17, 2019, the stay in the above referenced caption was lifted (Dkt. No. 60). However, I didn't retain counsel on the grounds that I thought the proceeding stopped and furthermore, I do not have liability in the business." (Doc. #93 ("Oleaga Decl.") ¶ 7). Of course, that Oleaga believed he did not have liability in this case does not absolve him of his obligation to appear and defend against plaintiffs' claims.

Oleaga further states he "assum[ed] that the F.L.S.A. case was dismissed." (Def. Mem. at ECF 3). Yet, the Court issued five orders after the stay was lifted, four of which were mailed to Oleaga at the 203 Lena business address. In addition, a non-party 203 Lena employee appeared for the January 3, 2020, show cause hearing, indicating Oleaga had notice the case was not, in fact, dismissed. This course of conduct suggests that although Oleaga was actually aware the case was proceeding, he willfully chose not to appear until after the Court granted in part plaintiffs' motion for default judgment.

Accordingly, the Court concludes Oleaga's "default to have been willful [because] the conduct of . . . the litigant was egregious and was not satisfactorily explained." See McNulty, 137 F.3d at 738.

---

[4] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

B.      Meritorious Defense

As to the second factor, Oleaga has not made a showing of a meritorious defense. The only defense he points to is to state in his declaration that he is a manager, not an officer or shareholder of, 203 Lena, and that he has no liability in the business. Beyond this assertion, he offers no "evidence of facts that, if proven at trial, would constitute a complete defense." S.E.C. v. McNulty, 137 F.3d at 740.[5]

Moreover, whether or not Oleaga was an officer or shareholder of 203 Lena is not relevant. "The determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts.'" Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013) (quoting Goldberg v. Whitaker House Coop., Inc., 366 U.S. 28, 33 (1961)). A court considers the following factors to determine the "economic reality" of an employment relationship: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. at 105 (quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984). Moreover, "[c]ourts have interpreted the definition of 'employer' under the [NYLL] coextensively with the definition used by the FLSA." Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 37 (E.D.N.Y. 2015). In this case, Oleaga offers "no evidence of facts" he could present to show the above standard would not be met and that would "constitute a complete defense." S.E.C. v. McNulty, 137 F.3d at 740.

---

[5]     Oleaga's suggestion that he may rely on his original motion to dismiss in this case to demonstrate a meritorious defense is unpersuasive. Oleaga Decl. ¶ 10. At the motion to dismiss stage, a court reviews the sufficiency of the allegations in the complaint. It does not consider evidence.

9

      C.     <u>Prejudice to Plaintiffs</u>

Finally, plaintiffs will clearly be prejudiced if Oleaga's default is set aside and the default judgment vacated. Plaintiffs filed this case nearly four years ago. Defendants have not since produced any discovery. The case was stayed for over a year and a half after 203 Lena filed for bankruptcy. And even after the bankruptcy case was dismissed, Oleaga ignored numerous Orders and resurfaced only after the Court granted default judgment as to liability and referred the case to Magistrate Judge Cott for an inquest on damages. Moreover, vacatur would allow Oleaga to relitigate the question of liability, despite the fact that he was absent from this matter for over three years. The passage of time makes it likely that records will be more difficult to locate now. Thus, granting Oleaga's motion to vacate would not only create unreasonable delay, but also "increased difficulties of discovery." <u>New York v. Green</u>, 420 F.3d at 110.

Accordingly, Oleaga has not shown good cause for setting aside the Clerk's entry of default and the partial default judgment.

## CONCLUSION

Defendant's motion to set aside the entry of default and the default judgment is DENIED.

The Clerk is directed to (i) terminate the motion (Doc. #91), and (ii) terminate Pedro Abel as a defendant because this individual is no longer a named defendant in this action.

The case has already been referred to Magistrate Judge Cott for an inquest on damages. That inquest will proceed in the regular course.

Dated: May 14, 2020
      White Plains, NY         SO ORDERED:

                                                          Vincent L. Briccetti
                                                          United States District Judge