UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ANYELA SALAZAR, ANEL HERNANDEZ,
ROBERT ENMANUEL EMILIANO, and
CAROLINA PICHARDO,
               Plaintiffs,

v.

203 LENA INC., d/b/a Cocina Taller, and
DARIO OLEAGA,
               Defendants.
--------------------------------------------------------------x

**ORDER ADOPTING REPORT AND RECOMMENDATION**

16 CV 7743 (VB)

Briccetti, J.:

    By Order dated January 3, 2020, the Court granted in part plaintiffs' motion for default judgment, finding the plaintiffs were entitled to judgment on liability. (Doc. #86).[1] By separate Order, also dated January 3, 2020, the Court referred this matter to Magistrate Judge Cott for an inquest on damages. (Doc. #87).

    Now pending is Magistrate Judge Cott's Report and Recommendation ("R&R"), dated September 18, 2020, recommending that the Court award plaintiff Salazar $67,163.24 in damages, plaintiff Hernandez $38,917.56 in damages, plaintiff Emiliano $11,541.42 in damages, and plaintiff Pichardo $7,614.00 in damages, along with pre-judgment interest from the midpoint between each plaintiff's first and last date of employment through the day that judgment is entered. (Doc. #99). Magistrate Judge Cott also recommends that plaintiff be awarded attorneys' fees and costs in the amount of $23,561.50 and post-judgment interest on all sums.

    The Court presumes familiarity with the factual and procedural background of this case.

---

[1] By Order dated May 14, 2020, the Court denied defendant Oleaga's motion to set aside the entry of default and default judgment. (Doc. #95).

1

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

No parties have objected to Judge Cott's thorough and well-reasoned R&R. The Court has carefully reviewed the R&R, the amended complaint, and plaintiffs' submissions, and finds no error, clear or otherwise.

Accordingly, the Court adopts the R&R as the opinion of the Court with the following modifications.

With respect to the $7,614.00 in damages Magistrate Judge Cott recommends awarding to plaintiff Pichardo, the Court lowers that amount by $1,500.00 to $6,114.00. As Magistrate Judge Cott correctly states, employees can recover "$250 for each workday that a wage statement violation occurs or continues to occur, not to exceed $5,000." (See R&R at ECF 22 (citing Canaveral v. Midtown Diner NYC, Inc., 2019 WL 4195194, at *5 (S.D.N.Y. Sept. 5, 2019)).[2] However, because plaintiff Pichardo worked for a total of 14 days total, she should be awarded only $3,500.00 (14 days x $250) for the wage statement violations, not the maximum $5,000. (See Doc. #89-5 ("Pichardo Aff.") ¶¶ 2, 11, 12). Accordingly, plaintiff Pichardo shall be awarded $6,114.00 plus pre-judgment and post-judgment interest.

---

[2] "ECF __" refers to the page numbers automatically assigned by the Court's Electronic Case Filing system.

2

With respect to pre-judgment interest, plaintiffs are awarded nine percent pre-judgment interest on their unpaid wages as follows.

- Plaintiff Salazar: nine percent interest on $27,761.62, from July 6, 2015 (the approximate midpoint between Salazar's first and last date of employment), to October 22, 2020 (the date of this Order)—1,935 days—amounts to $13,245.72.[3]

- Plaintiff Hernandez: nine percent interest on $14,208.78, from March 15, 2016 (the approximate midpoint between Hernandez's first and last date of employment), to October 22, 2020—1,682 days—amounts to $5,892.95.

- Plaintiff Emiliano: nine percent interest on $2,245.71, from February 22, 2016 (the approximate midpoint between Emiliano's first and last date of employment), to October 22, 2020—1,704 days—amounts to $943.57.[4]

- Plaintiff Pichardo: nine percent interest on $957, from April 4, 2016, (the approximate midpoint between Pichardo's first and last date of employment), to October 22, 2020—1,662 days—amounts to $392.19.[5]

Accordingly, plaintiffs are awarded the following:

---

[3] Nine percent per annum is 0.0246575 percent per day. $27,761.62 (unpaid wages) x 1,935 days x 0.0246575 percent is $13,245.72.

[4] There is one typographical error in Section II.B.6.c of the R&R, with respect to the midpoint of Emiliano's employment dates. It alternately states that the midpoint is February 22, 2016 and February 26, 2016. The midpoint is February 22, 2016. (R&R at ECF 25).

[5] There are two typographical error in Section II.B.6.d of the R&R. First, it alternately states that the midpoint of Pichardo's employment dates is April 4, 2016 and July 10, 2015. The midpoint is April 4, 2016. (R&R at ECF 25). Second, it states Pichardo is owed $1,011 in unpaid wages. (Id.). Pichardo, however, is owed $957 in unpaid wages. (Id. at ECF 17–18).

| Plaintiff | Total Damages[6] | 9% Pre-judgment Interest on Unpaid Wages | Total Award (Total Damages + 9% Pre-judgment Interest on Unpaid Wages) |
|---|---|---|---|
| Salazar | $67,163.24 | $13,245.72 | $80,408.96 |
| Hernandez | $38,917.56 | $5,892.95 | $44,810.51 |
| Emiliano | $11,541.42 | $943.57 | $12,484.99 |
| Pichardo | $6,114.00 | $392.19 | $6,506.19 |

Judgment shall be entered against defendants 203 Lena Inc., d/b/a Cocina Taller and Dario Oleaga in the total amount of $167,772.15, comprising: (i) $144,210.65 in damages (including pre-judgment interest), and (ii) $23,561.50 in attorneys' fees and costs. Plaintiffs are also awarded post-judgment interest on all sums, as calculated under 28 U.S.C. § 1961.

The Clerk is directed to enter judgment and close this case.

Dated: October 22, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[6] These totals are broken down further in Table 7 of the R&R. (R&R at ECF 23). Other than the Total Damages amount listed here for Pichardo, which the Court has lowered to $6,114, these are the same Total Damages that Magistrate Judge Cott calculated.